DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER DONNELL WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3402

[November 8, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 2015CF000210A.

Carey Haughwout, Public Defender, and Stacey Kime, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

The defendant timely appeals his sentences for various drug possession charges. We agree with his assertion that the sentence imposed for count I exceeds the statutory maximum sentence. Thus, we reverse his sentence on that count only. We find the remainder of his arguments to be without merit or not preserved.

The defendant pled nolo contendere to count I, possession of twenty grams or less of cannabis, and count II, possession of ethylone, a controlled substance. He was sentenced to four years in the custody of the Department of Corrections on each charge, which sentences were to be served concurrently. Williams then moved to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), alleging in pertinent part that the sentence for count I exceeded the statutory maximum of one year. In response, the state conceded that the sentence for count I should not have exceeded one year, and the trial court granted the motion as to this ground. However, as the state candidly concedes on appeal, it does not appear that an order was entered to actually correct the sentence on count I.

Possession of twenty grams or less of cannabis is a first-degree misdemeanor.  § 893.13(6)(b), Fla. Stat. (2016).  A first-degree misdemeanor may be punished by a term of incarceration not exceeding one year.  § 775.082(4)(a), Fla. Stat. (2016).

As both the state and the trial court recognized, the court erred in entering Williams' four-year sentence in excess of the statutory maximum.  We therefore reverse and remand for resentencing on count I. We affirm the sentence for the remaining count.

*Affirmed in part, reversed in part.*

GROSS, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***